JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 12]

## I.   INTRODUCTION

On March 2, 2020, Sonika Flournoy ("Plaintiff") filed a Complaint in state court on behalf of herself and other similarly situated persons against Watts Healthcare Corporation ("Defendant"). Plaintiff alleges Defendant (1) failed to pay wages for all hours worked at the legal minimum wage rate under California Labor Code § 1194, and § 1197; (2) failed to pay proper overtime wages for daily overtime worked, all hours worked, and failure to include all remuneration in calculating overtime wages under California Labor Code §§ 510, 1194, and 1198; (3) failed to timely pay wages under California Labor Code § 204; and (4) failed to provide complete and accurate wage.

On July 24, 2020, Defendant removed this action to federal court based on federal question jurisdiction under § 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185. Defendant argues that because the parties agreed to a Collective Bargaining Agreement ("CBA") that covers the subject matter of Plaintiff's claims, the Labor Management Relations Act ("LMRA") preempts Plaintiff's state law claims.

Presently before the Court is Plaintiff's Motion to Remand and Request for Attorney's Fees ("Motion"). For the following reasons, the Court GRANTS in part Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs Complaint

Plaintiff alleges the following in her Complaint:

From September 5, 2018 to March 27, 2020, Plaintiff worked for Defendant as an hourly employee. During this time, Defendant decreased or "rounded down" the number of hours Plaintiff

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

worked, on days Plaintiff worked at least eight hours in one day, or more than 40 hours in one workweek. Plaintiff alleges this conduct deprived her of wages for all hours worked at the legal minimum wage under §§ 1194, 1194.2, and 1197 and overtime wages under §§ 510, 1194, and 1198. Plaintiff also alleges Defendant did not timely pay wages under § 204 or provide complete and accurate wage statements under § 226. As a result, Defendant participated in unfair business practices under Cal. Bus. & Prof. Code §§ 17200.

**B.   The Collective Bargaining Agreement**

Defendant's Notice of Removal asserts the following facts with regard to the CBA.

The Service Employees International Union, Local 721 (The "Union"), is a labor organization as defined by the LMRA. At all relevant times to the Complaint, the Union was the exclusive bargaining representative for Plaintiff and employees she seeks to represent. The Union and Defendants entered into a CBA that applied from January 1, 2018 through December 31, 2020.

**III.   JUDICIAL STANDARD**

"Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand [to state court]." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003); *see* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If a case presents a federal question, a defendant may remove the case. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a)–(b). A case presents a "federal question" if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Whether removal jurisdiction exists must therefore be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar*, 482 U.S. at 392. Thus, where a plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claims and alleging only state law claims. *E.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

However, under the "artful pleading" doctrine, "a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014). If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). The "artful pleading" doctrine applies to state claims that are completely

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

preempted by federal law, such as claims arising under § 301 of the LMRA. *Caterpillar*, 482 U.S. at 393.

### IV. DISCUSSION

Plaintiff moves to remand this action on the ground that the Court lacks subject matter jurisdiction over Plaintiff's state law claims. Plaintiff argues that, contrary to Defendant's contention, § 301 of the LMRA does not preempt any of her state law claims. As its primary argument, Defendant argues that Plaintiff's claim for overtime is preempted under the LMRA as a result of the parties' CBA. Defendant argues secondarily, that (1) LMRA preemption applies to Plaintiff's other claims, and (2) LMRA preemption applies as a result of the CBA's grievance and arbitration provision. The Court finds all three arguments unavailing.

#### A. Standard governing § 301 preemption

Section 301 of the LMRA provides: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) ("a suit . . . alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law."). The preemptive power of § 301 "converts an ordinary state common law complaint into one" that states a federal claim that may be removed to a federal court. *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987), *superseded by statute on other grounds as stated in*, *Hunter v. Ameritech*, 779 F. Supp. 419, 421 (N.D. Ill. 1991).

However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). Consequently, certain state law rights, like minimum wage and pay periods, "'[remain] well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919–20 (2018)). "[A] hypothetical connection between the claim and the terms of the CBA" does not result in § 301 preemption. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Nor is preemption warranted "simply because the court may have to consult the CBA [or] 'look[ ] to' the CBA merely to discern that none of its terms is reasonably in dispute . . . ." *Id.* at 692.

The Ninth Circuit employs a two-part test to determine if a state law claim is preempted by § 301 of the LMRA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must ask whether the cause of action involves a "right [that] exists solely as a result of the CBA.'" *Id.* If so, the claim is preempted, as it seeks "purely to vindicate a right or duty created by the CBA itself."

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | ***Sonika Flournoy v. Watts Healthcare Corporation, et al.*** | | |

*Schurke*, 898 F.3d at 921. If the right exists independently of the CBA, however, the Court must then move to the second prong. In the second prong, the Court considers whether resolving the dispute is nevertheless "substantially dependent on [the] analysis of a [CBA]." *Burnside*, 491 F.3d at 1059. "If such dependence exists, then the claim is preempted by section 301; if not, then the claim" is remanded to state court to be handled in accordance to state law. *Id.* at 1059–60. Based on this framework, the Court addresses each of Defendant's three arguments regarding preemption.

### B.  Plaintiff's Claim for Overtime

Plaintiff alleges that Defendant violated California Labor Code §§ 510, 1194, 1198 for failure to pay overtime wages. The claim rests on the allegation that Defendant failed to accurately account for the hours Plaintiff worked, which implicates overtime hours. Defendant argues that the LMRA preempts these overtime claims. The Court disagrees for the following reasons.

#### i.  *Plaintiff Invokes Rights Provided Under State Law*

To determine whether a right inheres in state law or the CBA, the court considers "the legal character of [the] claim, as independent of rights under the [CBA], and not whether a grievance arising from precisely the same set of facts could be pursued." *Burnside*, 491 F.3d at 1059-60. "Reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim." *Id.* at 1060.

Defendant argues that Plaintiff's claim for overtime under § 510 is preempted by the LMRA because the CBA meets the requirements of Labor Code § 514. Labor Code § 510 affords California employees a statutory right to overtime if they have worked over eight hours in one day, or 40 hours in a week. However, the statute provides an exception, stating that the § 510(a) requirements of overtime compensation do not apply to an employee working under "[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Lab. Code. § 510(a)(2). The statute defines "alternative workweek" as "any regularly scheduled workweek requiring an employee to work more than eight hours in a 24–hour period." § 500(c). A § 514 CBA is one that expressly provides for the wages, hours of work, and working conditions of the employees. Under § 514, the CBA must also provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Defendant asserts that Plaintiff's overtime claim under Labor Code § 510 is preempted simply because the CBA meets the requirements of § 514. However, the exception under § 510(a) applies only to CBAs that both satisfy § 514 *and adopt an alternative workweek schedule*. Here, the CBA at issue provides for a workweek schedule consisting of 40 hours, "at eight hours a day." (Notice of Removal,

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

Yip Decl. Ex. A, at 4.)[1] This does not constitute an alternative workweek as defined by § 500. Therefore, under the express language of the statute, the exception under § 510 does not apply.

In its opposition, Defendant cites to *Curtis v. Irwin Industries Inc.*, stating that "the Ninth Circuit unambiguously held that a 'claim for overtime pay is preempted . . . [if an] employee work[s] under a qualifying collective bargaining agreement.'" (Opp. at 3, ECF 14.) (citing *Curtis*, 913 F.3d at 1149-50). *Curtis*, however, clarifies that if a CBA establishes *different* rights and obligations than the state law would otherwise require, the CBA controls any subsequent disputes about those rights and obligations—making LMRA preemption proper. *Curtis*, 913 F.3d at 1154-55. In *Curtis*, an employee complained that his off-duty hours should have counted toward overtime pay under state law definitions. However, because the CBA in question explicitly defined his off-duty hours as non-working hours for overtime purposes, the court found that the CBA controlled and LMRA preemption was proper. *Id.* While the *Curtis* court did not expressly state that the CBA adopted an alternative workweek, it identified rights and obligations concerning overtime that were different than those provided under § 510.

Here, Plaintiff's claim for overtime rests on the allegation that Plaintiff did not receive overtime wages for hours worked in excess of eight hours per day or 40 hours per week, which appears to the be the *same* right under the CBA. There is no indication that the CBA confers any rights different than those already provided by California law, nor does Defendant successfully argue any such rights are applicable. Accordingly, the Court finds that Plaintiff's claim is not independently created by the CBA, and instead Plaintiff's claim arises out of state law.[2]

---

[1] The CBA defines "Day" as "the twenty-four (24) hour period beginning at the time the employee commences work." (Yip Decl. Ex. A at 6.)

[2] As pointed out by Defendant, courts in this district have held that a state law claim is preempted by the LMRA when the court is required to interpret the CBA to determine if the exception applies. *See, e.g., Raphael v. Tesoro Refining and Marketing Co. LLC*, No. 15-cv-02862-ODW, 2015 WL 3970293, at *6-7 (E.D. Cal. June 30, 2015) (finding plaintiffs' claims were preempted because the court would be required to interpret different CBAs to determine if the §§ 512(e) and 514 exception applied). The Court notes, however, that courts also have pointed out the distinction between interpreting a CBA and simply referring to the CBA to determine whether a pre-condition to the exception is satisfied. *See Sanchez v. Calportland Company*, No. 2:15-cv-07121-CAS-SHx, 2015 WL 6513640, at *5 & n.3 (C.D. Cal. Oct. 26, 2015). Here, the Court finds that determining whether the CBA provides for an "alternative workweek" is straightforward and clear, requiring no interpretation of the CBA.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

       ii.      *Plaintiff's Claim is not Substantially Dependent on an Interpretation of the CBA*

Defendant argues that even if Plaintiff's claim for overtime is not independently created by the CBA, the second prong of the preemption test still leads to preemption of Plaintiff's claim by the LMRA. Specifically, Defendant argues that Plaintiff's claim is substantially dependent on the CBA because the Court must interpret the CBA to both (1) determine the overtime rate and (2) calculate the amount of the premium.

A claim is substantially dependent on the CBA when the state law claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer*, 255 F.3d at 693. Courts narrowly construe the meaning of "interpret." *See Burnside*, 491 F.3d at 1060. A claim that merely requires the Court to "look to" the CBA is not preempted. *See id.* For example, "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124.

As to the appropriate rate of overtime pay, there is no dispute. Both Plaintiff and Defendant agree that the rate of overtime is one and one-half times the straight-time hourly rate for all hours worked in excess of eight hours, and two times the straight-time worked for all hours in excess of twelve hours. (*See* Mot. to Remand at 10; Opp at 7.) Moreover, the CBA substantively provides the same overtime rates as the Labor Code. (*See* Notice of Removal Yip Decl. Ex. A, at 4-5.) To the extent there are minor differences, determination of the premium requires only reference to the CBA, not an interpretation of the CBA.

As to calculation of the premium pay, Defendant argues that the Court is required to interpret numerous CBA provisions that govern Plaintiff's employment because the "CBA contains specific language governing time worked, wages and wage payment, and overtime." (Notice of Removal ¶¶ 34-35.) Specifically, Defendant argues that because "Plaintiff bases her overtime claim upon Defendant's miscalculation," the Court is required to interpret several provisions of the CBA. (Opp. at 7.) According to Defendant, these provisions include: the rate of overtime for designated hours over eight hours per day or 40 hours per week (Notice of Removal Yip Decl. Ex. A, at 4.); the calculation of overtime based on the "straight-time" hourly rate, rather than the regular rate of pay (Opp. at 7); and shift differentials as additional premium pay. (Notice of Removal Yip Decl. Ex. A, at 10.)

The Court finds Defendant's argument unpersuasive. The heart of Plaintiff's claim is that Defendant failed to pay her for overtime hours worked. There is no allegation that Defendant applied incorrect rates or that Defendant misapplied a complex premium schedule. While

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

determining the premium amount may require reference to the CBA, Defendant has not set forth any reasons why interpretation of the CBA is required. "It is not enough for Defendant to provide a laundry list" of provisions in the CBA that allegedly require the Court to interpret to resolve Plaintiffs claims. *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. 2020). Based on the facts available to the Court, and without further explanation as to why the Court would be required to interpret these provisions, the Court does not find that interpretation is necessary. *See Burnside*, 491 F.3d at 1071 (finding no preemption for only a "cursory examination" of provisions in three different CBAs). For these reasons, the LMRA does not preempt Plaintiff's state law overtime claims.

### C.     Plaintiff's Other Claims

Defendant broadly states that Plaintiff's "minimum wage, wage statement, waiting time, and unfair competition claims are likewise preempted by the LMRA." (Opp. at 8.) However, Defendant fails to assert an argument that provides any basis that the claims should be preempted by the LMRA. On its face, the case does not present any assertion of rights accorded independently by the CBA. Nor does it appear that interpretation of the CBA is required for resolution of the claims. To the extent there are obscure reasons to find otherwise, the Court will not ferret out those reasons. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). Accordingly, the Court also finds no preemption by LMRA of Plaintiff's other claims.

### D.     Grievance and Arbitration Provision

Defendant argues that the Court must interpret the CBA's grievance and arbitration procedures in order to determine whether Plaintiff was required to exhaust the procedures, whether she exhausted the procedures, and whether she agreed to arbitrate her rights and claims. (*See* Notice of Removal, at ¶ 37.) Defendant asserts that the relevant CBA provision mandates the procedures for all Plaintiffs' claims because they are a "dispute between the parties over the interpretation, application or claimed violation of any of the provisions of this Agreement or any Employer personnel policy." (Notice of Removal, at 11.)

These arguments are unavailing. A court is not automatically required to interpret the terms of the CBA merely because the CBA provides for such procedures. *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 964 (C.D. Cal. 2014). Furthermore, as discussed above, Plaintiff's claims, brought under state law, do not involve such analysis. *See Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 818 (C.D. Cal. 2020) (noting the court did not need to interpret the grievance procedure in the CBA because "[t]he CBA makes clear that its grievance and arbitration procedures apply only to claims that involve 'interpretation, application or enforcement of th[e] [CBA].' [ ] Plaintiff's claims, brought specifically under state law, involve neither.").

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06607-RGK-SK | Date | October 6, 2020 |
|---|---|---|---|
| Title | *Sonika Flournoy v. Watts Healthcare Corporation, et al.* | | |

    **E.**    **Attorneys' Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Based on the nature of the removal and remand, this Court finds there was a reasonable basis for Defendants attempt to remove this case from state court. Accordingly, the Court concludes that an award for attorneys' fees are not warranted in this case.

**V.**    **CONCLUSION**

    The Court **GRANTS** Plaintiff's Motion and **REMANDS** this action, in its entirety, to state court. The Court **DENIES** Plaintiffs request for attorneys' fees

    **IT IS SO ORDERED.**

    cc: Los Angeles Superior Court, 20STCV08186

|  | : |
|---|---|
| Initials of Preparer | jre |